AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 1
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| Joshua Ray Fisher | ) | Case Number:  2:17-cr-00073-APG-EJY-2 |
| | ) | USM Number:  53975-048 |
| **Date of Original Judgment:**  3/2/2020 | ) | Paola M. Armeni |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

- ☑ pleaded guilty to count(s)  6, 8, 9, 10, 11 and 12 of the Second Superseding Criminal Indictment (ECF No. 135)
- ☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
- ☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession of Child Pornography | 09/15/2017 | 6 |
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of Children | 03/21/2017 | 8 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)
- ☑ Count(s)  all remaining  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/9/2021
Date of Imposition of Judgment

Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

June 11, 2021
Date

AO 245C (Rev. 09/20)  Amended Judgment in a Criminal Case
Sheet 1A                                                                        (NOTE: Identify Changes with Asterisks (*))

|  | Judgment — Page | 2 | of | 9 |

DEFENDANT:  Joshua Ray Fisher
CASE NUMBER:  2:17-cr-00073-APG-EJY-2

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. §§ 2252A(a)(2) and (b)(1) | Receipt of Child Pornography | 11/21/2016 | 9 |
| 18 U.S.C. §§ 2252A(a)(2) and (b)(1) | Possession of Child Pornography 1 | 1/21/2016 | 10 |
| 18 U.S.C. § 2422(b) | Coercion and Enticement | 03/21/2017 | 11 |
| 18 U.S.C. §§ 2251A(a) and (e) | Conspiracy – Sexual Exploitation of Children | 11/21/2016 | 12 |

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Case 2:17-cr-00073-APG-EJY   Document 232   Filed 06/11/21   Page 3 of 22

Judgment — Page ___3___ of ___9___

DEFENDANT:  Joshua Ray Fisher
CASE NUMBER:  2:17-cr-00073-APG-EJY-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
20 years, per count, as to Counts 6, 9 and 10;
25 years per count, as to Counts 8, 11 and 12, all counts concurrent for a total term of 300 months.

☑   The court makes the following recommendations to the Bureau of Prisons:
   The Court recommends the defendant be permitted to serve his term of incarceration at FCI Butner or FCI Terminal Island.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page    4    of    9

DEFENDANT:   Joshua Ray Fisher
CASE NUMBER:   2:17-cr-00073-APG-EJY-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Life, per count, concurrent.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
    - ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑   You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☑   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page     5     of     9

DEFENDANT:       Joshua Ray Fisher
CASE NUMBER:     2:17-cr-00073-APG-EJY-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____        Date  _____

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                                 (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   6   of   9

DEFENDANT:   Joshua Ray Fisher
CASE NUMBER:   2:17-cr-00073-APG-EJY-2

## SPECIAL CONDITIONS OF SUPERVISION

1. Substance Abuse Treatment – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. Drug Testing – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

3. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

4. Sex Offender Treatment – You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

5. Polygraph Testing – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

6. No Pornography - You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children , or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults, that would compromise your sex offense-specific treatment. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex-offender treatment.

7. No Pornography – Treatment – You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise your sex offense-specific treatment.

8. Computer Monitoring – You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

9. Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030 (e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

10. Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to use a computer (as defined in 18 U.S.C. § 1030(e)(1)) without the prior approval of the probation officer.

11. Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to be in foreseeable proximity of minors under the age of 18 without the prior approval of the probation officer.

12. Minor Prohibition – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3D-2 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___7___ of ___9___

DEFENDANT:   Joshua Ray Fisher
CASE NUMBER:   2:17-cr-00073-APG-EJY-2

## SPECIAL CONDITIONS OF SUPERVISION

13. Place Restriction – Children Under 18 – You must not go to, or remain at, any place primarily used by children under the age of 18, unless you have the express prior permission of your Probation Officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

14. Place Restriction – Children Under 18 – You must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

15. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page    8    of    9

DEFENDANT:   Joshua Ray Fisher
CASE NUMBER:   2:17-cr-00073-APG-EJY-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 60,745.00 | $ 0.00 | $ 0.00 | $ 30,000.00 |

☐   The determination of restitution is deferred until _____ .  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss***** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| (see attached sealed list) | | | |

| **TOTALS** | $             0.00 | $             0.00 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   the interest requirement is waived for   ☐   fine   ☐   restitution.

☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___9___ of ___9___

DEFENDANT:   Joshua Ray Fisher
CASE NUMBER:   2:17-cr-00073-APG-EJY-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑  Lump sum payment of $ __91,345.00__ due immediately, balance due

     ☐  not later than _____ , or
     ☑  in accordance with ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑  Special instructions regarding the payment of criminal monetary penalties:

     Defendant shall pay restitution in the amount of $60,745, with interest to begin accruing immediately. It is
recommended that any unpaid balance shall be paid at a rate of not less than $25.00 per quarter during
incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to
pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
   (see attached final order of forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5)
fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution
and court costs.

```
_____ FILED          _____ RECEIVED
_____ ENTERED                 SERVED ON
                  COUNSEL/PARTIES OF RECORD

          MAR 0 2 2020

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-073-APG-EJY |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| JUSTIN ANTHONY FISHER and JOSHUA RAY FISHER, | |
| Defendants. | |

The United States District Court for the District of Nevada entered Preliminary Orders of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); 18 U.S.C. § 2428(a)(1); and 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Justin Anthony Fisher and Joshua Ray Fisher to the criminal offenses, forfeiting the property set forth in the Plea Agreements, the Bill of Particulars, and the Forfeiture Allegation of the Second Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which Justin Anthony Fisher and Joshua Ray Fisher pled guilty. Second Superseding Criminal Indictment, ECF No. 135; Bill of Particulars, ECF No. 143; Change of Plea (Justin), ECF No. 160; Change of Plea (Joshua), ECF No. 161; Plea Agreement (Joshua), ECF No. 162; Preliminary Order of Forfeiture (Joshua), ECF No. 163; Plea Agreement (Justin), ECF No. 164; Preliminary Order of Forfeiture (Justin), ECF No. 165.

This Court finds that the United States may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

1    This Court finds the United States published the notice of forfeiture in accordance

2    with the law via the official government internet forfeiture site, www.forfeiture.gov,

3    consecutively from July 27, 2019, through August 25, 2019, and from October 18, 2019,

4    through November 16, 2019, notifying all potential third parties of their right to petition the

5    Court. Notice of Filing Proof of Publication, ECF Nos. 169 and 170.

6    This Court finds the United States notified known third parties by personal service or

7    by regular mail and certified mail return receipt requested of their right to petition the Court.

8    Notice of Filing Service of Process – Personal Service, ECF No. 173; Notice of Filing

9    Service of Process – Mailing, ECF No. 174.

10   **Personal Service**

11   On December 31, 2019, the United States Marshals Service personally served Shirlise

12   C. Castille at 4255 W. Viking Rd. #599 Las Vegas, NV 89103 with copies of the

13   Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process –

14   Personal Service, ECF No. 173-1, p. 3, 18-38.

15   On December 6, 10, and 31, 2019, the United States Marshals Service attempted to

16   serve Shirlise Castile at 6609 Miragrande Dr., Las Vegas, NV 89108 with copies of the

17   Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process –

18   Personal Service, ECF No. 173-1, p. 4, 18-38.

19   On December 5 and 31, 2019, the United States Marshals Service attempted to serve

20   Shirlise C. Castille at 3371 Dragon Fly St., North Las Vegas, NV 89032 with copies of the

21   Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process –

22   Personal Service, ECF No. 173-1, p. 5, 18-38.

23   On December 5, 2019, the United States Marshals Service attempted to serve Shirlise

24   Castile at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 with copies of the

25   Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process –

26   Personal Service, ECF No. 173-1, p. 6, 18-38.

27   On December 5, 2019, the United States Marshals Service attempted to serve Shirlise

28   Castile at 9301 Hampstead Hills Ave., Las Vegas, NV 89149-0138 with copies of the

2

Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 7, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Kimberly A. Fisher at 9301 Hampstead Hills Ave., Las Vegas, NV 89149-0138 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 8, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Kimberly A. Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 9, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Kimberly A. Fisher at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 10, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Robert Fisher at 9301 Hampstead Hills Ave., Las Vegas, NV 89149-0138 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 11, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Robert Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 12, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Robert Fisher at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 13, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Julianne C. Fisher at 9301 Hampstead Hills Ave., Las Vegas, NV 89149-0138 with copies of

the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 14, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Julianne C. Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 15, 18-38.

On December 5, 2019, the United States Marshals Service attempted to serve Julianne C. Fisher at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 16, 18-38.

On November 14, 2019, the United States Marshals Service personally served Crystina Fisher at 9301 Hampstead Hills Ave., Las Vegas, NV 89149 with copies of the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Personal Service, ECF No. 173-1, p. 17-38.

**Service by Mailing**

On December 3, 2019, the United States Attorney's Office attempted to serve Robert E. Fisher at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was returned as attempted not known. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 3, 8-28 & 174-2, p. 2-6.

On December 3, 2019, the United States Attorney's Office attempted to serve Robert E. Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was returned as attempted not known. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 3, 8-28 & 174-2, p. 7-11.

On December 3, 2019, the United States Attorney's Office attempted to serve Robert E. Fisher at 9301 Hampstead Hills, Las Vegas, NV 89149-0138 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was

4

1  returned as moved left no address. Notice of Filing Service of Process – Mailing, ECF No.

2  174-1, p. 3, 8-28 & 174-2, p. 12-16.

3       On December 3, 2019, the United States Attorney's Office attempted to serve Robert

4  E. Fisher at 14132 Ironbank Ave., Chino, CA 91710-8231 by regular and certified return

5  receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was

6  returned as being unable to forward. Notice of Filing Service of Process – Mailing, ECF No.

7  174-1, p. 3, 8-28 & 174-2, p. 17-23.

8       On December 3, 2019, the United States Attorney's Office served Robert E. Fisher at

9  8025 Thoroughbred St., Rancho Cucamonga, CA 91701-2541 by regular and certified

10  return receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of

11  Filing Service of Process – Mailing, ECF No. 174-1, p. 3, 8-28 & 174-2, p. 24-26.

12       On December 3, 2019, the United States Attorney's Office served Robert E. Fisher at

13  12345 Mountain Ave. Ste. N, Chino, CA 91710-2783 by regular and certified return receipt

14  mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of

15  Process – Mailing, ECF No. 174-1, p. 4, 8-28 & 174-2, p. 27-29.

16       On December 3, 2019, the United States Attorney's Office attempted to serve

17  Julianne C. Fisher at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 by regular and

18  certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

19  mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

20  ECF No. 174-1, p. 4, 8-28 & 174-2, p. 30-34.

21       On December 3, 2019, the United States Attorney's Office attempted to serve

22  Julianne C. Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 by regular and

23  certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

24  mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

25  ECF No. 174-1, p. 4, 8-28 & 174-2, p. 35-39.

26       On December 3, 2019, the United States Attorney's Office attempted to serve

27  Julianne C. Fisher at 9301 Hampstead Hills, Las Vegas, NV 89149-0138 by regular and

28  certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

1   mail was returned as moved left no address. Notice of Filing Service of Process – Mailing,

2   ECF No. 174-1, p. 4, 8-28 & 174-2, p. 40-44.

3        On December 3, 2019, the United States Attorney's Office attempted to serve

4   Julianne C. Fisher at 14132 Ironbank Ave., Chino, CA 91710-8231 by regular and certified

5   return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was

6   returned as unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 174-

7   1, p. 4, 8-28 & 174-3, p. 2-6.

8        On December 3, 2019, the United States Attorney's Office served Julianne C. Fisher

9   at 8025 Thoroughbred St., Rancho Cucamonga, CA 91701-2541 by regular and certified

10   return receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of

11   Filing Service of Process – Mailing, ECF No. 174-1, p. 4, 8-28 & 174-3, p. 7-9.

12        On December 3, 2019, the United States Attorney's Office served Julianne C. Fisher

13   at 12345 Mountain Ave. Ste. N, Chino, CA 91710-2783 by regular and certified return

14   receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing

15   Service of Process – Mailing, ECF No. 174-1, p. 4, 8-28 & 174-3, p. 10-12.

16        On December 3, 2019, the United States Attorney's Office attempted to serve

17   Kimberly A. Fisher at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 by regular and

18   certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

19   mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

20   ECF No. 174-1, p. 4-5, 8-28 & 174-3, p. 13-17.

21        On December 3, 2019, the United States Attorney's Office attempted to serve

22   Kimberly A. Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 by regular and

23   certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

24   mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

25   ECF No. 174-1, p. 5, 8-28 & 174-3, p. 18-22.

26        On December 3, 2019, the United States Attorney's Office attempted to serve

27   Kimberly A. Fisher at 9301 Hampstead Hills, Las Vegas, NV 89149-0138 by regular and

28   certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

1   mail was returned as moved left no address. Notice of Filing Service of Process – Mailing,

2   ECF No. 174-1, p. 5, 8-28 & 174-3, p 23-27.

3         On December 3, 2019, the United States Attorney's Office served Kimberly A.

4   Fisher at 14132 Ironbank Ave., Chino, CA 91710-8231 by regular and certified return

5   receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing

6   Service of Process – Mailing, ECF No. 174-1, p. 5, 8-28 & 174-3, p. 28-30.

7         On December 3, 2019, the United States Attorney's Office served Kimberly A.

8   Fisher at 8025 Thoroughbred St., Rancho Cucamonga, CA 91701-2541 by regular and

9   certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

10  first-class mail was returned as attempted not known. Notice of Filing Service of Process –

11  Mailing, ECF No. 174-1, p. 5, 8-28 & 174-3, p. 31-34.

12        On December 3, 2019, the United States Attorney's Office served Kimberly A.

13  Fisher at 12345 Mountain Ave. Ste. N, Chino, CA 91710-2783 by regular and certified

14  return receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of

15  Filing Service of Process – Mailing, ECF No. 174-1, p. 5, 8-28 & 174-3, p. 35-37.

16        On December 3, 2019, the United States Attorney's Office attempted to serve

17  Crystina A. Fisher at 10432 Burkehaven St., Las Vegas, NV 89166-6506 by regular and

18  certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

19  mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

20  ECF No. 174-1, p. 5, 8-28 & 174-3, p. 38-42.

21        On December 3, 2019, the United States Attorney's Office attempted to serve

22  Crystina A. Fisher at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 by regular and

23  certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

24  mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

25  ECF No. 174-1, p. 5, 8-28 & 174-3, p. 43-47.

26        On December 3, 2019, the United States Attorney's Office served Crystina A. Fisher

27  at 9301 Hempstead Hills Ave., Las Vegas, NV 89149-0138 by regular and certified return

28  / / /

7

receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 6, 8-28 & 174-4, p. 2-4.

On December 3, 2019, the United States Attorney's Office attempted to serve Crystina A. Fisher at 14132 Ironbank Ave., Chino, CA 91710-8231 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was returned as unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 6, 8-28 & 174-4, p. 5-9.

On December 3, 2019, the United States Attorney's Office served Crystina A. Fisher at 8025 Thoroughbred St., Rancho Cucamonga, CA 91701-2541 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 6, 8-28 & 174-4, p. 10-12.

On December 3, 2019, the United States Attorney's Office served Crystina A. Fisher at 12345 Mountain Ave. Ste. N, Chino, CA 91710-2783 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 6, 8-28 & 174-4, p. 13-15.

On December 3, 2019, the United States Attorney's Office attempted to serve Shirlise Castile at 10432 Burkehaven Ave., Las Vegas, NV 89166-6506 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was returned as attempted not known. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 6, 8-28 & 174-4, p. 16-20.

On December 3, 2019, the United States Attorney's Office attempted to serve Shirlise Castile at 6609 Miragrande Dr., Las Vegas, NV 89108-5544 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was returned as attempted not known. Notice of Filing Service of Process – Mailing, ECF No. 174-1, p. 6, 8-28 & 174-4, p. 21-25.

On December 3, 2019, the United States Attorney's Office attempted to serve Shirlise Castile at 9301 Hempstead Hills Ave., Las Vegas, NV 89149-0138 by regular and certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was

8

1   returned as moved left no address. Notice of Filing Service of Process – Mailing, ECF No.

2   174-1, p. 6, 8-28 & 174-4, p. 26-30.

3        On December 3, 2019, the United States Attorney's Office attempted to serve Shirlise

4   Castile at 14132 Ironbank Ave., Chino, CA 91710-8231 by regular and certified return

5   receipt mail with the Preliminary Orders of Forfeiture and the Notice. The mail was

6   returned as unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 174-

7   1, p. 6-28 & 174-4, p. 31-35.

8        On December 3, 2019, the United States Attorney's Office attempted to serve Shirlise

9   Castile at 8025 Thoroughbred St., Rancho Cucamonga, CA 91701-2541 by regular and

10  certified return receipt mail with the Preliminary Orders of Forfeiture and the Notice. The

11  mail was returned as attempted not known. Notice of Filing Service of Process – Mailing,

12  ECF No. 174-1, p. 7-28 & 174-4, p. 36-40.

13       On December 3, 2019, the United States Attorney's Office served Shirlise Castile at

14  12345 Mountain Ave. Ste. N, Chino, CA 91710-2783 by regular and certified return receipt

15  mail with the Preliminary Orders of Forfeiture and the Notice. Notice of Filing Service of

16  Process – Mailing, ECF No. 174-1, p. 7-28 & 174-4, p. 41-43.

17       This Court finds no petition was filed herein by or on behalf of any person or entity

18  and the time for filing such petitions and claims has expired.

19       This Court finds no petitions are pending with regard to the property named herein

20  and the time for presenting such petitions has expired.

21       THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

22  all possessory rights, ownership rights, and all rights, titles, and interests in the property

23  hereinafter described are condemned, forfeited, and vested in the United States pursuant to

24  Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 2253(a)(1)

25  and 2253(a)(3); 18 U.S.C. § 2428(a)(1); 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c);

26  and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

27      1.    Black Trooper CM Storm Desktop Tower, S/N 5GC5000KKN11125100048;

28      2.    Gray HP Z820 Desktop Tower, S/N 2UA2320F46;

9

3. Black Cooler Computer Tower (no side cover), S/N RC361KKR3501132900347;

4. HP DV6 Pavilion Entertainment PC w/power cord, S/N CNF91102T5;

5. Black HP E840 Elitebook Laptop, S/N CNU4239LSS;

6. Gray HP 6460b Probook Laptop w/cord, S/N CNU1423J88;

7. Gray Sony PCG VAIO Laptop, S/N 00043-604-434-145;

8. Gray Dell XPS Laptop w/cord, S/N CR88G72;

9. Black Lenovo 20378 Laptop w/cord, S/N CB33024405;

10. Simple 96300 1TB Drive w/cord, S/N 0913508101000423029;

11. Silver Seagate Barracuda 300GB HDD, S/N 4NF00PKK;

12. Silver Maxtor Pro 50 500GB HDD, S/N H813ATTH;

13. Simple 1TB HDD, S/N 09135191000603283;

14. 13 Misc. CDs/DVDs;

15. HTC Inspire cell phone w/cracked screen;

16. Champagne Samsung S7 Galaxy Edge cell phone, IMEI: 355503070371301;

17. Black Samsung S7 Galaxy Edge cell phone w/Otter Box case;

18. Red Kodak 1033 digital camera, S/N KCXJC83513314;

19. Black Motorola Razor cell phone, IMEI: 355829010831611;

20. Black Samsung AT&T Galaxy 5 cell phone;

21. Black HTC T-Mobile cell phone;

22. Gray HTC AT&T cell phone;

23. Black Samsung cell phone;

24. Black Samsung AT&T cell phone;

25. Silver Nikon Coolpix 3100 digital camera, S/N 30014301;

26. Silver Vivitar Vivicam 4000 camera, S/N DD023984;

27. Map SD card;

28. 4 HP CD-Rs;

29. Sandisk Cruzer 4GB Thumb Drive;

10

30. Staples Relay 4GB Thumb Drive;

31. Black Apple iPad in black Otter Box case;

32. Blue America Innovations Thumb Drive;

33. Maxtor HD, S/N 9QJ0P2P6;

34. WD external HD w/cord, S/N WXJ1A8020849;

35. Sony HDR-CX210 Handycam, S/N 1223747;

36. Black HTC cell phone w/charger;

37. Silver Sony digital recorder;

38. Silver HP Ipaq Pocket PC w/128MB SD card;

39. Misc. slivers of paper;

40. Misc. envelopes;

41. White Samsung Galaxy Tablet, S/N R52GC0KVD7M;

42. Sandisk Cruzer 2GB Thumb Drive;

43. Sandisk Ultra 32GB Thumb Drive;

44. Silver Canon Powershot 2048 Camera, S/N 882061018246;

45. Silver Olympus digital camera;

46. 3 CDs;

47. Lexar 16GB Thumb Drive;

48. Samsung 850 250GB SSD, S/N MZ7LN250HMJP;

49. Silver WD My Passport HD, S/N WXL1EA5E6R6J;

50. Gray Transcend HD;

51. 7 Misc. Thumb Drives;

52. White Samsung SD card adapter;

53. Champagne Samsung S7 Galaxy Edge Cell phone, IMEI: 355503070417229;

54. Black One Plus 64GB Cellular Telephone, Model A2005, S/N Q200514A0524535;

55. Samsung Portable SSD T3 External Drive, Model MU-PT500B, S/N S2WANP0HA01199D; and

11

56.   Samsung Portable SSD T3 External Drive, Model MU-PT250B, S/N
      S2WBNP0HB01902F

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED _March 3_____, 2020.


HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

12

1

## CERTIFICATE OF SERVICE

2       A copy of the foregoing was served upon counsel of record via Electronic Filing on

3  February 14, 2020.

4                                  /s/ Heidi L. Skillin
                                   HEIDI L. SKILLIN
5                                  FSA Contractor Paralegal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28